## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CRYSTAL LOYD**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **JUDGE:**

**AMERICAN BANCSHARES, INC. D/B/A**                 **MAGISTRATE JUDGE:**
**AMERICAN BANK AND TRUST COMPANY,**
**INC.**

### COMPLAINT

The Complaint of **CRYSTAL LOYD**, a resident of the full age of majority of St. Tammany Parish, Louisiana, respectfully represents:

1.

Jurisdiction herein is pursuant to 28 U.S.C. §1331 and §1367. Venue is proper within the Eastern District as the majority of the incidents sued upon occurred within this judicial district.

2.

The Defendant listed below is justly and truly indebted to Ms. Loyd for all sums as are reasonable under the premises, compensatory damages, lost wages and benefits, back pay and front pay in lieu of reinstatement, punitive damages, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Ms. Loyd is entitled at law or in equity:

A. **AMERICAN BANCSHARES, INC. D/B/A AMERICAN BANK AND TRUST COMPANY, INC.** (hereinafter referred to as "the Bank"), a domestic business corporation domiciled in the City of Covington, Parish of St. Tammany, authorized to do and doing business in the State of Louisiana.

-Page 1 -

3.

This lawsuit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*; and Louisiana anti-retaliation laws, La. R.S. 23:967 and La. R.S. 51:2256.

4.

In November 1999, Ms. Loyd was hired by the Bank. She worked for the Bank for over 20 years and was terminated on September 1, 2020. During that time, she held positions of Vice President Administration Officer, Branch Manager, and/or Security Officer.

5.

At all times pertinent hereto, Ms. Loyd was an "employee" of the Bank within the meaning and intent of federal and Louisiana law. At all times pertinent hereto, the Bank was the "employer" of Ms. Loyd within the meaning and intent of federal and Louisiana law, and, upon information and belief, employed between 50 and 100 employees.

6.

At all pertinent times, Edward Riecke was the Chief Executive Officer (CEO) of the Bank and close personal friend of Bank patron Benjamin Doss. As CEO, Edward Riecke was an agent and employee of the Bank and had policy-making authority on employment-related decisions.

7.

At all pertinent times, Victoria Smith was the Human Resources Manager of the Bank, was an agent and employee of the Bank, and, as Human Resources Manager, was involved in Ms. Loyd's complaints described herein.

8.

Due to the close friendship and business relationship between Riecke and Doss, Bank patron Doss frequented the Bank on a regular basis, usually at least weekly. Beginning in 2002 and continuing throughout her employment, Ms. Loyd was subjected to severe and pervasive, offensive, and unwelcome sexually based comments and behavior by Bank patron Doss. These include, without limitation, Doss attempted to kiss her on her mouth when he saw her in a parking lot; Doss placed his hands on her shoulders and rubbed them while making a comment about his attraction to her inside the bank; Doss drug his hand across her waist while she was at an ATM; and Doss made a comment about how "sexy" she looked in a dress as she walked away and how the way she walked was a "turn on."

9.

Bank patron Doss created a hostile work environment for Crystal Loyd. Doss came into the Bank weekly to have coffee with Bank CEO Edward Rieke. Due to Doss's close personal friendship with CEO Rieke, Ms. Loyd feared losing her job if she complained.

10.

Ms. Loyd reported the sexual harassment and hostile work environment by Doss to prior Human Resources Manager, Ellen Olivier. Ms. Loyd also reported that she feared retaliatory action by the Bank. Ms. Olivier said that she could not make any assurances as to how the Bank would respond to a formal complaint by Ms. Loyd.

11.

After enduring continuous harassment by Doss, on August 3, 2020, Ms. Loyd again reported Doss's unlawful conduct by filing a formal complaint with Human Resources Manager Victoria Smith. Ms. Loyd never received a response to her complaint and was instead terminated on September 1, 2020.

12.

Ms. Loyd was subjected to sexual harassment and a hostile work environment by Bank patron Doss. The Bank had knowledge of Doss's harassment and Ms. Loyd's complaints regarding such conduct. The Bank did not respond to Ms. Loyd's complaints or take any action to stop, prevent, or correct the sexual harassment and hostile environment.

13.

The Bank retaliated against Ms. Loyd by terminating her on September 1, 2020, less than one month after her complaint of sexual harassment and hostile work environment. The Bank's alleged reason for her termination was that her position was being absorbed due to financial constraints. Ms. Loyd inquired if there were any other positions available that she could fill. She was denied.

14.

By these actions described herein, the Bank violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.;* Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*; and Louisiana's anti-retaliation laws, La. R.S. 23:967 and La. R.S. 51:2256.

15.

Ms. Loyd has complied with all administrative requirements prior to filing suit under Title VII and state law. She timely filed a charge with the Equal Employment Opportunity Commission alleging sexual harassment and retaliation (Charge No. 461-2021-00073), dated October 26, 2020. She received a Notice of Right to Sue dated March 23, 2021.

16.

The Bank is *respondeat superior* liable under Louisiana law for the unlawful conduct of

its employees described herein.

17.

As a result of the incidents sued upon herein, Ms. Loyd has sustained damages which include, without limitation, past and future lost wages and benefits, including back pay and front pay in lieu of reinstatement; lost anticipated wages due to a wage increase; lost benefits, lost promotional opportunities, promotion, and advancement; severe emotional distress, mental anguish, humiliation, and embarrassment; damage to reputation; loss of earning capacity; expenses in finding comparable employment; and all such other damages as will be more fully shown at trial.

18.

By the actions described above, Defendant has engaged in intentional discrimination and with malice and/or reckless indifference to the federally protected rights of Ms. Loyd, and thus is liable for punitive damages.

19.

Ms. Loyd is entitled to and desires an award of attorney's fees, litigation expenses, and all such other relief to which she is entitled at law or in equity, pursuant to federal and Louisiana law.

20.

Ms. Loyd is entitled to and requests a trial by jury.

**WHEREFORE**, Complainant, Crystal Loyd, prays for a trial by jury and, after due proceedings are had, that there be judgment in her favor and against defendant, American Bancshares, Inc. D/B/A American Bank And Trust Company, Inc., for all sums as are reasonable under the premises, compensatory damages, lost wages and benefits, back pay, front pay in lieu

of reinstatement, punitive damages, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Complainant is entitled at law or in equity.

Respectfully submitted:

/s/Robert L. Campbell
Robert L. Campbell - (Bar # 27986)
**WILLIAMSON, FONTENOT & CAMPBELL,**
343 Royal Street
Baton Rouge, LA 70802
Telephone: (225) 383-4010
Facsimile: (225) 383-4114
Email: robb@lawyerbatonrouge.com

-AND-

/s/ Meghan E. Notariano
**PARKER LAYRISSON LAW FIRM**
J. Parker Layrisson (Bar No. 28120)
Meghan E. Notariano (Bar No. 37248)
P.O. Box 1860
200 E. Hickory Street
Ponchatoula, LA 70454
Telephone: (985) 467-9525
Facsimile: (985) 247-8214
Email: file@layrisson.com
*Attorneys for Complainant Crystal Loyd*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and notice was sent to all counsel by position of the Court's electronic filing system.

/s/ Meghan E. Notariano_____
**MEGHAN E. NOTARIANO**